

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. Piner Powell
County Attorney
Brown County
Brownwood, Texas

Dear Sir:

Opinion No. O-1458
Re: May a tax collector refund
money paid to him (but as
yet unpaid to the school
district) for school taxes
delinquent more than ten
years?

We are in receipt of your letters of September 14, 1939, in which you request an opinion of this Department as to whether or not the Tax Assessor-Collector of Brown County may refund money paid to him for school taxes delinquent more than ten years, which money he has not as yet paid over to the school district.

From your letter it is evident that the taxes were properly assessed against the property and properly placed upon the delinquent tax rolls. The Tax Collector of Brown County received the tax and issued a receipt for the same and now has the money in his possession. It is to be remembered that in the collection of taxes the tax collector is the agent of the school district. The payment to him of the tax money is the payment to the district itself. This is especially true in that the tax collector is here performing a ministerial and not a discretionary duty. In defining what is meant by a ministerial duty the cases of Miller v. State, 53 S. W. (2) 838 and Parrish v. Wright, 293 S. W. 659, quote from Ferris "Extraordinary Legal Remedies", Sections 206 and 207, which read as follows:

"A ministerial act is one which a person performs in a given state of facts and in a prescribed manner in obedience to the method of legal authority, without regard to his own judgment on the

Honorable J. Piner Powell, Page 2

> propriety of the act being done. This
> distinction between ministerial and
> judicial and other official acts is
> that, where the law prescribes and de-
> fines the duty to be performed with such
> precision and certainty as to leave noth-
> ing to the exercise of discretion or
> judgment, the act is ministerial; . . ."

In this respect the tax collectors duty is to take
the money from the delinquent taxpayer and to issue him a
receipt for the same. The amount of money which he is to
receive is determined by the amount assessed on the tax rolls
and not by him. In taking the money he is acting for the
district and a payment to him is in fact payment to the dis-
trict. The Tax Collector is further authorized by statute
to issue a receipt showing payment. Article 7257 of the Re-
vised Civil Statutes reads as follows:

> "The Tax Assessor and Collector or
> his deputy whenever any tax is paid, shall
> give to the person paying the same a re-
> ceipt therefor, specifying the amount of
> state, county and district taxes, and the
> year or years for which such tax was as-
> sessed; said receipt shall also show the
> number of acres of land in each separate
> tract, number, abstract and name of origi-
> nal grantee and any city or town lot and
> name of city or town, and total value of
> all property assessed. Said receipt shall
> have a duplicate to be retained by the As-
> sessor and Collector. The Assessor and
> Collector shall provide himself with a
> seal, on which shall be inscribed a star
> with five points, surrounded by the words
> 'Assessor and Collector of Taxes, _____
> County' (the blank to be filled with the
> name of the county), and shall impress
> said seal on each receipt and duplicate
> given by him for taxes collected on real
> estate; and said receipt having the seal
> attached shall be admissible to record in
> the county in which the property is situated
> in the same manner as deeds duly authenti-
> cated, and when so recorded shall be full
> and complete notice to all persons of the

Honorable J. Piner Powell, Page 3

payment of said tax. The Assessor and Collector, when any taxes are paid, shall credit same on the rolls in the manner and form/prescribed by the Comptroller of the State of Texas; and such entry shall be notice to all the world of the payment of such tax, and such entries may be used in evidence on issues involving the payment of same. Acts 1876, p. 261; G. L. vol. 8, p. 1097, Acts 1921, p. 136; Acts 1935, 44th Leg., p. 671, ch. 284, sec. 1."

We are unable to find any authority in this State that would give the Tax Collector the discretionary duty of returning tax money after he has received the same for a district and has issued a receipt for the same.

Another reason why the Tax Collector may not return this money to the taxpayer is because the taxpayer in this case is not entitled to a return of the same. Even if it could be said that the taxpayer did not owe this money still his payment was a voluntary payment and it is a well settled rule of law in this State that as a general principle taxes which are voluntarily paid are not thereafter recoverable. See the County of Galveston v. J. C. Gorham, 49 Tex. 279.

Also in the particular case at hand, it is well to point out that when the taxpayer paid the money to the Tax Collector he legally owed the money. Article 7298 of the Revised Civil Statutes provides, in part, as follows:

"Provided, that no suit shall be brought for the collection of delinquent taxes of a school district or road district unless instituted within ten years from the time the same shall become delinquent."

This Statute does not seek to extinguish the debts owing for taxes which are more than ten years old, but merely sets up a limitation against a school district suing for taxes which are more than ten years old. In this respect this Statute is a limitation Statute. Article 5540 provides:

> "The Law of Limitation shall not be
> available in any suit unless it be speci-
> fically set forth by the party who in
> his answer invokes it as a defense."

The courts of this state have frequently held that
a limitation statute does not extinguish a debt. In the case
of Goldfrank, Frank and Company v. William H. Young, 64 Tex.
432, the court said as follows:

> "It may be considered as a settled
> law of this state that in actions for
> the recovery of debt, and like actions,
> the statutes of limitation effect the
> remedy solely."

> "No court in the union has gone
> further to sustain this rule than the
> Supreme Court of this state. Bender
> v. Crawford, 33 Tex. 745; Wood v.
> Welder, 42 Tex. 409; Grigsby v. Peak,
> 57 Tex. 147."

> "The law denies to the holder of
> the claim any remedy through the courts
> for its assertion or enforcement, but
> does not declare the debt satisfied as
> by payment, or otherwise so totally an-
> nuled as to be deemed to have no exis-
> tence on which any right may be made."

The Supreme Court of Texas in an opinion written
by Judge Gaines in the case of Gresham v. Harcourt, 53 S. W.
1019, stated as follows:

> "But the statute of limitations
> did not extinguish the debt."

In the case of Central National Bank et al v.
Latham and Company, 22 S. W. (2) 765, the court stated as
follows:

> "The fact that an action for the
> recovery of a debt is barred by the
> statutes of limitation does not destroy

Honorable J. Piner Powell, Page 5

the debt. The bar affects the remedy only. The right of the creditor to receive payment continues after the bar."

In the case of Limestone County v. Robbins, 38 S. W. (2) 580, the Commission of Appeals stated as follows:

"The statutes of limitation bar the holder of the debt from access to the court, but the debt is not extinguished."

So from these cases we see that the Tax Collector has a right to receive the money and does not have a right to return the same for the reason that said money was rightfully owing and due to the school district.

It is the opinion of this Department, therefore, that the Tax Collector of Brown County may not return this money to this taxpayer.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Billy Goldberg
Assistant

BG:RS        APPROVED OCT 2, 1939

ATTORNEY GENERAL OF TEXAS

